■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE D. LAMORIE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 14, 1985, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and attempted burglary in the third degree.

Defendant was charged in a seven-count indictment with the crimes of burglary in the third degree, grand larceny in the third degree and petit larceny, arising out of break-ins that had occurred on or about June 18, 1985 and involved the Elmira Country Club and other places. At the suppression hearing, County Court found that the People had proved, beyond a reasonable doubt, that defendant knowingly and intelligently waived his constitutional rights in a custodial setting; the court discredited defendant's claim that he could not effectively waive his rights because of his physical and mental condition resulting from an unrelated accident, and found that during defendant's questioning he stated that he desired an attorney. The court further found that defendant's statements were not induced through fraud or fear or threats by the authorities and that defendant's familiarity with the criminal law, resulting from his three previous convictions over a six-year period, prompted his claim.

Thereafter, defendant negotiated a plea bargain in full satisfaction of all charges that allowed him to plead guilty to burglary in the third degree as charged in the first count of the indictment and attempted burglary in the third degree as a lesser included offense of the sixth count of the indictment. Due to his record of prior crimes, defendant faced persistent felony offender treatment with a minimum of 15 years to life. His bargained plea was based on the imposition of consecutive terms of 3½ to 7 years and 1½ to 3 years as a second felony

offender. At sentencing, defendant sought to withdraw his prior plea, claiming that he had no intent to steal when he entered the buildings. County Court held a hearing at which defendant and his attorney testified, and the court found defendant's contention of no such intent to be incredible. Defendant's request to withdraw his plea was denied and defendant was sentenced as indicated. We find no error in the court's ruling and no abuse of discretion in the sentences imposed. Clearly, the plea and the sentences were advantageous to defendant. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.